**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CYNTHIA A. SIWULEC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| J. M.   ADJUSTMENT SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT   – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Cynthia A. Siwulec brings this action to secure redress from unlawful credit and collection practices engaged in by defendant J. M.   Adjustment Services, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendant's collection communications were received by plaintiff within this District;

    b.  Defendant does or transacts business within this District.

### PARTIES

4.  Plaintiff Cynthia A. Siwulec is an individual who resides in Rumson, NJ.

5. Defendant J. M. Adjustment Services, LLC is a limited liability company organized under Michigan law with principal offices at 16600 18 Mile Road, Clinton Township, Michigan 48038.

6. J. M. Adjustment Services, LLC describes itself on its Web site as a "professional door knock company."

7. Agents of J. M. Adjustment Services, LLC visit delinquent debtors at their homes for the purpose of obtaining information regarding the debtors and communicating with them.

8. According to its Web site, the founder of J. M. Adjustment Services, LLC "realized a need in the industry for professional field services capable of rapidly communicating with customers and delivering timely and accurate reports back to finance specialists. John recognized that direct customer contact is the single most important factor in reducing delinquency and mitigating losses due to default. . . ."   (www.jmadjustment.com)

9. According to the same Web site, defendant has more than 8,000 "field agents" located throughout the United States.

10. J. M. Adjustment Services, LLC uses the mails and telephone system in the course of its business.

11. J. M. Adjustment Services, LLC is a debt collector as defined in the FDCPA.

**FACTS**

12. About May 10, 2010, a representative of defendant J. M. Adjustment Services, LLC visited plaintiff at her residence and handed her an envelope and its contents,

2

containing Exhibit A.

13. Exhibit A sought financial information from plaintiff for the purpose of "resolving" a home mortgage loan alleged to be in default by the lender.

14. The information sought would be used for the purpose of collecting the debt.

15. The home mortgage loan was obtained for personal, family or household purposes (paying for a residence) and not for business purposes.

16. Afterward being handed Exhibit A, plaintiff found that the representative had dropped or discarded the pages in Exhibit B on plaintiff's lawn.

17. On information and belief, Exhibit B consists of standard instructions and procedures issued by J. M. Adjustment Services, LLC to its agents.

18. At no time did J. M. Adjustment Services, LLC furnish plaintiff with any of the disclosures required by 15 U.S.C. §1692g or §1692e(11).

19. It is the standard policy and practice of defendant to not furnish consumers with the disclosures required by 15 U.S.C. §1692g or §1692e(11).

20. J. M. Adjustment Services, LLC states on its Web site that it engages in "Full compliance with FDCPA and GLBA requirements." This is not true.

## COUNT I – FDCPA

21. Plaintiff incorporates paragraphs 1-20.

22. Defendant violated 15 U.S.C. §1692g, by failing to provide the required notices within five days of the initial communication with plaintiff.

23. Section 1692g provides:

**§ 1692g.    Validation of debts**

(a) Notice of debt; contents.     Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

>    (1) the amount of the debt;

>    (2) the name of the creditor to whom the debt is owed;

>    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

>    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

>    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts.     If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability.     The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings.     A communication in the form of a formal pleading in a civil action shall not be

treated as an initial communication for purposes of subsection (a).

(e) Notice provisions.    The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

24. In addition, defendant violated 15 U.S.C. §1692e(11).

25. 15 U.S.C. 1692e(11) provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication    with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a class.

27. The class consists of (a) all natural persons with New Jersey or New York addresses (b) that defendant contacted with a request for information or communications (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action (e) to whom defendant did not provide the disclosures described in 15 U.S.C. §1692g.

28. The class members are so numerous that joinder is impracticable.

29. On information and belief, there are more than 50 natural persons with New Jersey or New York addresses that defendant contacted with a request for information or communications on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, to whom defendant did not provide the disclosures described in 15 U.S.C. §1692g.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. Whether defendant was required to comply with the FDCPA;

    b. Whether defendant's method of doing business violates the FDCPA.

31. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    (1) Statutory damages;

    (2)  Attorney's fees, litigation expenses and costs of suit;

    (3)  Such other or further relief as the Court deems proper.

Dated: Cedarhurst, New York
   August 10, 2010

Plaintiff requests trial by jury on all issues so traible.

             s/Lawrence Katz
             Lawrence Katz
             445 Central Avenue, Suite 201
             Cedarhurst, NY 11516
             516-374-2118
             Fax: 516-706-2404

             pro hac vice admission to be applied for:

             Daniel A. Edelman
             Cathleen M. Combs
             EDELMAN, COMBS, LATTURNER
             & GOODWIN, L.L.C.
             120 S. LaSalle Street, 18th Floor
             Chicago, Illinois 60603
             312-739-4200
             Fax: 312-419-0379

CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned attorney of record for plaintiff does hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

             s/Lawrence Katz
             Lawrence Katz
             445 Central Avenue, Suite 201
             Cedarhurst, NY 11516
             516-374-2118
             Fax: 516-706-2404